**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30158 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00031-JLQ-1 |
| v. | |
| DARREN MCQUEEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Argued and September 3, 2015
Seattle, Washington

Before: McKEOWN, GOULD, and N.R. SMITH, Circuit Judges.

Darren McQueen appeals the 180-month sentence imposed by the district court following his guilty plea to one count of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court did not commit significant procedural error during sentencing. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007); *United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc). The district court first calculated an appropriate sentence under the Guidelines and then sufficiently explained its reasons for imposing a higher sentence in light of the 18 U.S.C. § 3553(a) factors. *Carty*, 520 F.3d at 991-92. Its failure to consider the applicability of a lower criminal history category before departing upward to criminal history category VI does not constitute error. U.S.S.G. § 4A1.3; *see also Gall*, 552 U.S. at 51. The record reflects that the district court neither relied on McQueen's history of prior arrests nor double-counted conduct already accounted for when it departed upwards. The district court gave sufficient notice under Federal Rule of Criminal Procedure 32(h) that it was contemplating an upward departure under the Guidelines.

We also conclude that the district court did not abuse its discretion by imposing a 180-month sentence. *See Gall*, 552 U.S. at 51. The sentence was substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. *See id.*

**AFFIRMED.**

2